BANK v. SMITH.

(*Jackson.* June 13, 1899.)

TRUSTEE. *Sureties' liability.*

After a decree fixing the fund in a trustee's hands at $4,283.07, and awarding it $2,868.90 to A and remainder to B, an order was entered directing the amount due B (about $1,400) to be paid into Court, and A waived the right to have her portion of the fund so paid in. The trustee having failed to comply with this order, a motion was entered against him and his sureties for the amount due B. The Chancellor disallowed the motion, and entered judgment for the full penalty of the bond ($3,000), directing A's claim to be first paid out of this sum, and remainder to B. *Held:* Error. The trustee had defaulted only as to amount due B, and he was entitled to full recovery on the bond, his claim not being in excess of its penalty.

---

FROM MADISON.

---

Appeal from Chancery Court of Madison County. A. G. HAWKINS, Ch.

HAYS & BIGGS for Bank.

McCORRY & BOND for Smith.

McALISTER, J. These causes were before this Court at last term, and were remanded to enforce the payment into Court of a certain fund in the hands of a trustee.

The facts necessary to be stated are, that on September 12, 1893, the B. A. Smith Gin Co., an insolvent corporation, made a preferential assignment of certain machinery and material to one W. F. Bills, trustee, to secure certain notes of said company amounting to $4,552, alleged to be due B. A. Smith, the president of said company, who was also its largest stockholder. It had previously made a deed of trust upon the building, plant, and machinery to the Jackson Banking Company, to secure an indebtedness due it.

The trustee, Bills, executed a bond in the penalty of $3,000, with one W. B. Seat, son-in-law of B. A. Smith, and B. A. Smith as sureties, conditioned "to faithfully perform all the duties imposed by law and the terms of said trust."

Subsequently the complainants filed their bill against said Bills, trustee, Seat and Smith for the purpose of subjecting said notes secured by the trust deed to the payment of their judgments.

Defendants answered and averred that prior to the filing of the bill B. A. Smith had transferred the notes to his wife as collateral security for the payment of two notes alleged to be due her, one for $2,206, dated January, 1893, and the other for $1,407.09 dated November 23, 1893.

Amended and supplemental bills were filed making Mrs. L. M. Smith, wife of B. A. Smith, a party, attacking the *bona fides* of the alleged

indebtedness, and charging that the transfer of said notes was merely colorable.

The Chancellor, upon final hearing, decreed that B. A. Smith owed his wife the amount of the first note, to wit, $2,206.85, with interest, and that a sufficiencey of said collateral notes be applied to the payment of said indebtedness. The Court further decreed that Bills, as trustee, had in his hands, as proceeds of the trust property, the sum of $4,283.07.

The Court then further decreed as follows, to wit:

"It is therefore considered by the Court that the defendant, Bills, be, and he is hereby, ordered to pay all of said sum of $4,283.07 into the hands of the Clerk and Master of this Court within sixty days from this date, except so much as may be necessary to pay the debt of Mrs. L. M. Smith, and when the same is paid into Court will be applied in the first instance to the payment of the adjudged costs against W. F. Bills, as hereinafter decreed, and in the second instance to the debt of complainant heretofore adjudged," the defendant, Mrs. L. M. Smith, by her solicitors in open Court saying that she did not desire the amount due her paid into Court by said Bills.

Both sides appealed from the decree of the Chancellor, but at the April term, 1898, it was in all respects affirmed by this Court. The decree

of this Court recites that the cause was remanded to the Chancery Court "to enforce the payment into Court of the amount in the hands of W. F. Bills, trustee, in excess of the money decreed to be due Mrs. L. M. Smith from B. A. Smith as fixed by the Chmancellor's decree."

On the remand complainant moved the Court for judgment against Bills, trustee, and the sureties on his bond, for the sum of $1,414, excess of the trust funds in his hands after deducting $2,808.90, amount decreed to be due Mrs. Smith.

The Court refused to allow this motion or to render judgment against Bills, trustee, and his sureties, for said sum of $1,414.17. The Chancellor, however, pronounced a decree ordering the trustee and his sureties to pay into Court the penalty of his bond, the sum of $3,000, and directed that out of this amount Mrs. Smith's debt of $2,868.90 be first paid.

This, of course, defeated the collection of complainant's debt.

The decree of the Chancellor was manifectly erroneous. In the first place, it was an entirely different decree from that originally pronounced by him and affirmed by this Court on appeal. It is very true, as argued by defendant's counsel, that the surety on the trustee's bond is only liable for the penalty of that bond, to wit, the sum of $3,000, but that bond was for the in-

demnity of such persons as were injured by a default.

The only default for which the trustee was liable was the failure to pay in the $1,414 excess over Mrs. Smith's debt as decreed by the Court.

Mrs. Smith had elected in open Court not to pursue the trustee for her claim. She expressly stated through her counsel that she did not desire the amount due her paid into Court by said Bills. The reason for this is quite obvious from this record. This trustee did not handle the trust fund. He was a mere figure-head, a mere tool in the hands of B. A. Smith. The latter handled all of the trust property and had in his hands the fund belonging to Mrs. Smith. Mrs. Smith was willing that her money should remain in the hands of her husband, who was her general agent in the management of her business. Thereupon, the trustee was ordered to pay in only the excess of said trust funds. Mrs. Smith cannot be heard now to ask that the penalty of the bond, $3,000, be paid in by her husband, that out of that fund her debt of $2,800 be first paid, and thus consume the whole of the penalty of the bond.

Her election not to have her money collected from the trustee and paid into Court was an admission on her part that the amount due her had been paid or that she was willing that it

might remain in the hands of her husband and be used by him.

At all events the Chancery Court should have conformed to the decree of this Court by requiring this trustee to pay into Court the excees of the trust fund over and above the amount due Mrs. Smith, and, as the latter elected not to have her debt paid in, the trustee was required by the decree of this Court to pay $1,407.

The trustee's bond was executed to make good any default by the trustee in the payment of the trust fund.

The effect of the Chancellor's decree is that the sureties on the trustee's bond shall respond for a sum which is not shown to be a default.

The only breach of the bond is that in favor of complainants for $1,414.27.

The decree of the Chancellor is reversed and a decree will be entered in favor of complainant.